IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**REGATTA CAPITAL, LTD.,**

**Plaintiff,**

**v.** **No. CIV 05-264 BB/DJS**

**MARK G. DAY, et al.,**

**Defendants.**

**MEMORANDUM OPINION**
**AND**
**ORDER DENYING MOTION TO DISMISS OR FOR ABSTENTION**

**THIS MATTER is before the Court on Defendants' motion [Doc. 11] to dismiss or in the alternative for abstention, and the Court having considered the submissions of the parties, finds the motion is without merit and will be Denied.**

***Discussion***

***Dismissal***

**Defendants argue because Plaintiff originally named John Doe defendants, diversity jurisdiction is uncertain and should be declined. While there is case law to support this proposal, since Congress rejected this position on removal cases in 1988, Pub. L. 100-702 codified at 28 U.S.C. § 1441, most courts have held John Doe defendants should be ignored for diversity unless and until actually named. *See, e.g., Moore v. General Motors Pension Plans,* 91 F.3d 848, 850 (7th Cir. 1996); *Derungs v. Wal-Mart Stores, Inc.*, 141 F. Supp. 2d 884 (S.D. Ohio 2000). In this case, however, the Court does not even have to decide this point since**

**Plaintiff has moved to dismiss all John Doe defendants and the present Defendants have consented. Thus, at present no basis to dismiss for lack of diversity exists.**

***Abstention***

**The named Defendants move for abstention on the basis there is a "parallel proceeding" in the Second Judicial District of the State of New Mexico. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Plaintiff points out that since a judgment was entered in state court on November 27, 2001, no action is currently pending. *See Torres v. City of Santa Ana*, 108 F.3d 224 (9th Cir. 1997) (action is "pending" only until judgment entered). *State v. Maynes*, 25 P.3d 902 (N.M. App. 2001) (same). This case is merely an attempt to collect on the judgment entered in state court and the subsequent agreement entered following the state judgment.**

**Abstention under the *Colorado River* doctrine is available only under exceptional circumstances. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 23 (1983); *Rejan v. Johnson*, 115 F.3d 193 (3d Cir. 1997) (rarely justified in diversity cases to avoid piecemeal litigation). No such circumstance exists here**

**O R D E R**

**For the afore stated reasons, the named Defendants' motion is DENIED.**

**SO ORDERED this 1st day of June, 2005.**

**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiff:**
**Louis J. Vener, Albuquerque, NM**
**Frederick Ginsberg, Parker, CO**

**For Defendants:**
**William J. Arland III, James A. Askew, RODEY LAW FIRM, Albuquerque, NM**